UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                        )

**FRANCIS ENWONWU**                     )
                                                        )
             **Petitioner,**                 )
                                                        )      **Civil Action No.**
          **v.**                                      )      **18-10517-ADB**
                                                        )
**ANTONE MONIZ,**                     )
                                                        )
             **Respondent.**               )
_____)

## ORDER

**BURROUGHS, D.J.**

       On April 27, 2018, the Court ordered respondent to file a "report or motion addressing, at least, whether the claims in the petition should be dismissed as either: (1) untimely pursuant to 28 U.S.C. §2244(d)(1) [because they are] outside the one-year limitations period; and/or (2) unexhausted claims pursuant to 28 U.S.C. §2254(b)(1)(A)." Docket No. 7. The Court further Ordered the Respondent, as part of the report or motion, to file such documents which reflect on the issue as to whether Petitioner exhausted available state remedies with respect to the matters raised by the Petition.

       On May 18, 2018, Respondent, through counsel, requested an extension of time because, among other things, "the district attorney's office [was] locating the files, which will speak to whether the petitioner has exhausted his state court remedies for the claims he now asserts." Docket Entry No. 9. That request was granted. Docket Entry No. 10. Respondent timely filed a motion to dismiss and supporting memorandum on the grounds of statute of limitations, but did not address the issue of exhaustion, despite the Court's prior order. Docket entry Nos. 11 and 12. Petitioner filed a response that did not address the issue of exhaustion either, but instead raised, among other

things, conclusory allegations of evidence of "actual innocence" as a basis to avoid the procedural bar of statute of limitations. Docket Entry No. 13. The Court cannot meaningfully evaluate the motion to dismiss and exhaustion issues, among others, without further briefing by the parties.

Accordingly, it is hereby Ordered that:

1. Petitioner shall by **September 14, 2018**, file a memorandum that identifies all "newly discovered" exculpatory evidence claims, particularly (but without limitation) with respect to his statement in the petition that, "[t]he only few grounds not presented [to the state court] were just obtain (sic) without counsel, pro se which is compelling evidence that proves [I] am actually innocent which could not have been uncovered then." Docket Entry No. 1, p.24, question 13; see also Ground Three, p. 8 ("new evidence"). Petitioner shall also address with particularity the statements made concerning the timeliness of his petition. Docket Entry No. 1, pp. 25-26, question 18. Petitioner shall identify all such evidence, when he obtained each piece of evidence, why he did not or could not obtain it sooner, and whether he has exhausted his state remedies. With respect to each piece of evidence, Petitioner shall identify how the evidence establishes his actual innocence. To the extent Petitioner claims there are unexhausted state claims, he shall identify all such claims and notify the Court whether he wishes to dismiss such unexhausted claims without prejudice and proceed with the exhausted claims, or alternatively, move to stay the petition and hold it in abeyance for a reasonable time to exhaust such claims. Rhines v. Weber, 544 U.S. 269, 278 (2005). If Petitioner seeks to have this Court stay the petition, he must show good cause for failing to exhaust his state remedies, that the claims are potentially meritorious, and that petitioner has not engaged in dilatory tactics. Id.

2. Respondent shall by **October 19, 2018**, respond to the issues raised in the Petitioner's memorandum, and brief the issue of exhaustion and any claims of actual innocence made by Petitioner.

3. Petitioner may, but is not required, to file a reply brief to Respondent by **November 9, 2018**.

4. Petitioner's failure to comply with this Order will likely result in dismissal of the petition without prejudice.

**So Ordered.**

Dated: August 7, 2018

/s/ Allison D. Burroughs_____
ALLISON D. BURROUGHS
UNITED STATES DISTRICT JUDGE