UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| FRANCIS ENWONWU ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. |
| v. ) | 18-10517-ADB |
| ) | |
| COMMONWEALTH, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

**BURROUGHS, D.J.**

For the reasons stated below, the respondent's motion to dismiss is hereby <u>ALLOWED</u> and the 28 U.S.C. § 2254 petition is hereby <u>DISMISSED</u> without prejudice for failure to exhaust the claims in the courts of the Commonwealth of Massachusetts.

I.  Background

On December 16, 2010, following a jury trial in Middlesex Superior Court, Francis Enwonwu was convicted of armed assault with intent to rob, assault and battery causing serious bodily injury, possession of a firearm without a license, receiving a stolen motor vehicle, assault and battery by means of a dangerous weapon (shod foot), and assault and battery. *Com. v. Enwenwu*, 83 Mass. App. Ct. 1127 (2013); ECF No. 11-1, p. 7, Criminal Docket, *Com. v. Enwonwu,* 0981CR01192.  Although the factual details of the underlying criminal action are not entirely clear, the charges stem from Enwonwu's participation in an armed robbery of a man named Mahdi Bezzate, and Enwonwu's physical abuse of a woman named Kaitlyn Niles.[1] On

---

[1] As set forth in petitioner's Application for Leave for Further Appellate Review, Statement of Facts, "The Commonwealth alleged that on August 25, 2009,…[Enwonwu]…was a joint venturer in a shooting, which resulted in life threatening injuries to [Mahdi Bezzate]. It was also

December 30, 2010, Enwonwu was sentenced to 7-10 years' incarceration, with 5 years' probation to follow. ECF No. 11-1, p. 7, Criminal Docket, *Com. v. Enwonwu,* 0981CR01192On September 14, 2011, Enwonwu filed a motion for new trial, which was denied on March 14, 2012. *Id.* at pp. 8-9.

Enwonwu was very involved in his criminal appeal, as demonstrated by numerous correspondence he submitted to this Court in opposition to the motion to dismiss. It is evident that Enwonwu discussed with his appellate counsel, Jennifer O'Brien, Esq., issues relating to among other things, strategy and briefing of his appeal. ECF 19-1, pp. 32-37; ECF 24, pp. 17-19, 20-22, 41-43, and 54-55. Attorney O'Brien did not agree with several issues that Enwonwu wanted to present on his direct appeal, including many of those raised in the instant petition. ECF No. 24, pp. 17-19.

Enwonwu, through Attorney O'Brien, ultimately brought six grounds for appeal arguing: (1) ineffective assistance of counsel for failing to move to sever the trial; (2) ineffective assistance of counsel for not requesting a missing witness instruction concerning the victim (Bezzate) who was unavailable at trial ; (3) duplicative convictions for assault and battery and assault and battery by means of a dangerous weapon based on the assault and battery of Niles; (4) that Enwonwu was prejudiced by the prosecutor purportedly alluding to facts in her opening that never came into evidence due to Bezzate's absence from trial; (5) that the prosecutor's closing argument was improper because it referred to facts not in evidence to the effect that Bezzate was waiting for his brother when he was shot and Enwonwu was unemployed; and (6)

---

alleged that between August 10, 2009 and August 25, 2009,…[Enwonwu]…beat a second unrelated victim [Kaitlyn Niles]. Although…[Enwonwu]…admitted to being present at the scene of the shooting, he denied having knowledge of his codefendants' intentions. He also denied beating the second victim [Niles]." ECF No. 26, p.6.

sufficiency of the evidence concerning the admission of a 911 emergency call and the length of the barrel of a weapon. *Com. v. Enwenwu*, 83 Mass. App. Ct. 1127 (2013). Although not submitted to this Court, Enwonwu filed a *Moffett* brief.[2] *Com. v. Enwenwu*, 83 Mass. App. Ct. 1127 (2013).

On May 2, 2013, the Massachusetts Appeals Court issued its decision on his consolidated direct appeal of his convictions and denial of motion for a new trial. *Com. v. Enwenwu*, 83 Mass. App. Ct. 1127 (2013). That court reversed the possession of a firearm without a license conviction because the length of the barrel had not been established; the remaining counts and denial of motion for new trial were affirmed. *Id.* The Appeals court found "no merit in …[Enwonwu's]…arguments made under *Commonwealth v. Moffett,* 383 Mass. 201 (1981)." *Id.* at n.9.

On May 10, 2013, Enwonwu, through Attorney O'Brien, filed an application for leave for further appellate review by the Supreme Judicial Court ("AOLOFAR") which raised the identical issues decided against Enwonwu on his direct appeal, except apparently those raised in the Moffett brief. ECF No. 26. Enwonwu's ALOFAR was summarily denied on June 6, 2013. *Com. v. Enwenwu*, 465 Mass. 1106 (2013).

On June 13, 2013, Enwonwu filed a motion to revise and revoke his sentence. ECF No. ECF 11-1, p. 9, Criminal Docket, *Com. v. Enwenwu*, 0981CR01192, File Ref. Nbr. 76. That motion was denied on November 8, 2013. ECF 11-1, p. 9, Criminal Docket, *Com. v. Enwenwu*, 0981CR01192.

---

[2] "A 'Moffett Brief' allows an indigent defendant to supplement his appointed counsel's brief with arguments counsel did not feel were warranted on the record." *Avila v. Clarke*, 938 F. Supp. 2d 151, 174 (D. Mass. 2013) (citing *Commonwealth v. Moffett,* 383 Mass. 201, 208–09 (1981)).

3

On January 28, 2014, in response to Enwonwu's inquiry, the Massachusetts Committee for Public Counsel Services ("CPCS") provided Enwonwu with an application to complete in order to have his case screened by the CPCS Innocence Project. ECF No. 1-1, p. 18, January 28, 2014 letter from Elly Kalfus to Enwonwu. The CPCS Innocence Project received the application materials on February 24, 2014. ECF No. 1-1, p. 19, January 28, 2014 letter from Elly Kalfus to Enwonwu. On May 6, 2014, the CPCS Innocence Project declined to take his case, and while careful not opine as to Enwonwu's guilt or innocence, indicated that Enwonwu might request that CPCS Appeals review his for a motion for new trial on a non-innocence-based basis. ECF No. 1-1, p. 22, May 6, 2014, letter from Lisa M. Kavanaugh to Enwonwu.

On June 10, 2014, CPCS Senior Staff Counsel Terry Nagel, wrote to Enwonwu acknowledging his request for CPCS Appeals to review the matter. ECF No. 19-1, p. 9, June 10, 2014, letter from Terry Nagel to Enwonwu.

On July 2, 2014, Enwonwu wrote to Terry Nagel, Esq., setting forth the bases of a motion for new trial mirroring, with some exceptions, what he now presents as issues in this petition. ECF No. 19-1, pp. 40-43, June 10, 2014 letter from Terry Nagel to Enwonwu.

On July 14, 2014, Nagel forwarded the letter to appellate counsel O'Brien for further review. ECF No. 19-1, p. 10, July 14, 2014, letter from Terry Nagel to Jennifer O'Brien. On July 30, 2014, Enwonwu wrote to Nagel asking him to refer Enwonwu's case to other counsel, as he believed some of the issues concerned the ineffectiveness of Attorney O'Brien. ECF No. 19-1, p.47, July 30, 2014 letter from Enwonwu to Terry Nagel. Because no further motion was filed, the Court concludes that CPCS refused to assign counsel or to proceed further. On July 24, 2014, Enwonwu filed a pro se motion for appointment of counsel and supporting affidavit of indigency and actual innocence. *See* ECF No. 11-1, p. 10, Criminal Docket, *Com. v. Enwonwu*,

0981CR01192, File Ref. Nos. 84 and 85,; ECF No. 1-1, pp. 15-17. The motion was denied on August 6, 2014. ECF No. 11-1, p. 10, Criminal Docket, *Com. v. Enwonwu*, 0981CR01192.

From July 2014 through December 2014, Enwonwu unsuccessfully sought other counsel. ECF no. 19-1, pp. 47-53. Notably, Enwonwu was warned by an attorney (who did not accept his case) on August 6, 2014 that time was of the essence:

> Thank you for contacting this office regarding your legal matter. Please be advised that his office will not be able to represent you regarding your matter. **Please further be advised that all claims you may have must be filed in the applicable court within the applicable statute of limitations, or your claims will be lost forever. As a result, if you are going to act, you must do so now.** As your matters are legally complex, I advise that you seek the advice of other counsel regarding these matters right away.

ECF No. 19-1, p. 49, August 6, 2014 letter from McKenzie J. Walters, Esq. to Enwonwu,. He apparently continued to seek counsel through December 2014. ECF No. 19-1, pp. 50-52.

On April 21, 2015, Enwonwu again moved pro se for appointment of counsel. ECF No. 1-1, pp. 8-11, seeking discovery of the cell phone seized and related cell phone records. This motion was denied on April 30, 2015. ECF No. 11-1, p. 10, Criminal Docket, *Com. v. Enwonwu*, 0981CR01192.

Almost three years later, on March 19, 2018, petitioner filed the instant petition under 28 U.S.C. §2254, raising four grounds: (1) that the Commonwealth withheld Brady material at petitioner's criminal trial, (2) ineffective assistance of counsel for failing to secure a witness and failure to prepare a motion to suppress Enwonwu's inculpatory statements made to police, (3) that in light of new evidence, no juror would have voted to find petitioner guilty beyond a reasonable doubt; and (4) the dismissal of a black juror prejudiced Enwonwu's trial. See Petition, ECF No. 1, pp. 5-8. None of these claims were raised in Enwonwu's direct appeal (except perhaps in the *Moffett* brief) or his ALOFAR. ECF No. 26.

On April 27, 2018, the Court ordered respondent to file a "report or motion addressing, at least, whether the claims in the petition should be dismissed either: (1) as untimely pursuant to 28 U.S.C. §2244(d)(1) [because they are] outside the one-year limitations period; and/or (2) because the petition is based on unexhausted claims pursuant to 28 U.S.C. §2254(b)(1)(A)." ECF No. 7.

On May 18, 2018, Respondent, through counsel, requested an extension of time because, among other things, "the district attorney's office [was] locating the files, which will speak to whether the petitioner has exhausted his state court remedies for the claims he now asserts." ECF No. 9. That request was granted. ECF No. 10.

On May 31, 2018, respondent filed a motion to dismiss. Motion to Dismiss and Memorandum in support, ECF Nos. 11 and 12. On July 12, 2018, Enwonwu opposed the motion. ECF No. 13. Because the respondent only briefed the issue of statute of limitations, and Enwonwu insufficiently briefed issues raised by respondent, the Court asked the parties for further briefing. In particular, the Court first ordered petitioner to:

> … file a memorandum that identifies all "newly discovered" exculpatory evidence claims, particularly (but without limitation) with respect to his statement in the petition that, "[t]he only few grounds not presented [to the state court] were just obtain (sic) without counsel, pro se which is compelling evidence that proves [I] am actually innocent which could not have been uncovered then." Docket Entry No. 1, p.24, question 13; see also Ground Three, p. 8 ("new evidence"). Petitioner shall also address with particularity the statements made concerning the timeliness of his petition. Docket Entry No. 1, pp. 25-26, question 18. Petitioner shall identify all such evidence, when he obtained each piece of evidence, why he did not or could not obtain it sooner, and whether he has exhausted his state remedies. With respect to each piece of evidence, Petitioner shall identify how the evidence establishes his actual innocence. To the extent Petitioner claims there are unexhausted state claims, he shall identify all such claims and notify the Court whether he wishes to dismiss such unexhausted claims without prejudice and proceed with the exhausted claims, or alternatively, move to stay the petition and hold it in abeyance for a reasonable time to exhaust such claims. *Rhines v. Weber*, 544 U.S. 269, 278 (2005). If Petitioner seeks to have this Court stay the petition, he must show good cause for failing to exhaust his state remedies, that the claims are

> potentially meritorious, and that petitioner has not engaged in dilatory tactics. Id.

Order, ECF No. 14. On September 17, 2018, Enwonwu filed his memorandum. ECF No. 19. In Enwonwu's rambling, repetitive and confusing memorandum, he requested an extension of time because of a clerical error that resulted in the order being provided to Enwonwu late. ECF No. 19, p. 11. Although the request was not set forth in a separate motion, it now appears moot because Enwonwu supplemented his filing on September 20, 2018 (ECF No. 20), September 28, 2018 (ECF No. 21), and on November 8, 2018 (ECF No. 24) without seeking a further extension of time. Respondent filed a reply on October 18, 2018. ECF No. 22. Enwonwu filed what appears[3] to be a response to the reply on November 8, 2018. ECF No. 24. On November 8, 2018, the Court ordered that respondent provide a copy of the ALOFAR. ECF No. 23. On November 13, 2018, respondent filed a copy of the ALOFAR with the Court.

II.     Discussion

"[A]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that…the applicant has exhausted the remedies available in the courts of the State…" 28 U.S.C. §2254(b)(1)(A). "Generally speaking, a petitioner's failure to exhaust all state remedies is 'fatal to the prosecution of a federal habeas case.'" *Sanchez v. Roden*, 753 F.3d 279, 294 (1st Cir. 2014) (quoting *Coningford*

---

[3] On November 23, 2018, Enwonwu wrote to the Court notifying it of a change of address to Bristol County Jail and House of Correction and requesting copies of documents filed in October 2018 to date, claiming he did not receive filings from some point in October 2018 through November 2018. It is not clear whether he is claiming that he did not receive the October 18, 2018 filing as he claims to be responding to an "October 18, 2018" document (the as-filed date of the response to Enwonwu's filing, even though the deadline was October 19, 2018). Other than the Court's order for respondent to provide the ALOFAR, and the respondent's filing of the ALOFAR, no further filings by respondent have been made in this action during the time period during which he claims not to have received mail. The Court needs no further briefing on the ALOFAR, as it speaks for itself.

7

*v. Rhode Island*, 640 F.3d 478, 482 (1st Cir. 2011). "[A] habeas petitioner bears a heavy burden to show that he fairly and recognizably presented to the state courts the factual and legal bases of this federal claim." *Adelson v. DiPaola*, 131 F.3d 259, 262 (1st Cir. 1997). "To carry this burden, the petitioner must demonstrate that he tendered each claim 'in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question.'" *Id.* (quoting *Scarpa v. Dubois,* 38 F.3d 1, 6 (1st Cir.1994)). "Exhaustion obligations mandate that a habeas petitioner present, or do his best to present, his federal claim to the state's highest tribunal." *Adelson v. DiPaola*, 131 F.3d 259, 263 (1st Cir. 1997). This standard must be met, as a general rule, by "fairly present[ing]" a federal claim "within the four corners of the ALOFAR." *Mele v. Fitchburg Dist. Ct.,* 850 F.2d 817, 823 (1st Cir.1988).

Here, the Court agrees with the respondent that Enwonwu has failed to exhaust his claims in the courts of the Commonwealth of Massachusetts. Enwonwu appears to have twice begun the process of seeking review of the issues raised in this petition with motions for appointment of counsel in the state court (which were denied), and apparently unsuccessfully sought counsel himself to assist him. But Enwonwu ultimately abandoned pursuit of the claims in 2015, opting instead to pursue his claims in federal court three years later. Enwonwu's recourse is first to the courts of the Commonwealth, not this Court, when the claims of the petition are unexhausted.

While it is unclear whether a totally unexhausted petition may be stayed, as opposed to dismissed, there is authority that the Court may do so pending the exhaustion of the claims in state court. *Watt v. Marchilli*, 217 F. Supp. 3d 434, 440 (D. Mass. 2016). To obtain a stay, rather than dismissal, Enwonwu must demonstrate, as he was previously ordered to do, that good cause exists for failing to exhaust his state remedies, the claims are potentially meritorious, and that Enwonwu did not engage in dilatory tactics.

The bar to establish good cause is high. *Watt v. Marchilli*, 217 F. Supp. 3d 434, 440 (D. Mass. 2016). Here, "good cause" is not shown because *none* of the claims have been presented to the Supreme Judicial Court and no showing has been made as to why those claims cannot, and should not, be brought in state court in the first instance. Until they are brought there, and rejected, good cause cannot be shown. *See Scesny v. Ryan*, No. CV 16-40024-FDS, 2016 WL 4148225, at *4 (D. Mass. Aug. 4, 2016).

Dilatory litigation tactics are also a concern here. Although stated in the context of his purported "justified delay" in failing to timely proceed under the statute of limitations, Enwonwu seemingly intentionally delayed the presentation of these new state claims and now mistakenly blames his delay on the Massachusetts Superior Court for failing to act on his July 24, 2014 motion for appointment of counsel:

> **The petitioner now reveals prove to this Honorable Court that his timeliness of his petition stamps from him waiting for the Superior Court Judge to rule on the motions that he filed before his bench, since 2014 to which until today, has been left unattended to…**On Massachusetts Trial Court Docket sheet, under the case#0981CR01192, Commonwealth v. Enwonwu, Francis – Docket date 7/24/2014 MOTION by Deft: First G.L.c, 278A, 5 Motion for Appointment of Counsel to prepare and litigate his first G.L. c 278, 3 (C) and 7(c) Postconviction discovery for items and information for replicate testing of all crime scene evidence (sent up to Judge Henry in Courtroom 430). – On 07/24/2014, Affidavit of Indigency and Factual Innocence (sent up to Judge Henry in Courtroom 430) see Docket text on page 10-11 **that the disposition of the Superior Court Judge on the matter was not heard or ruled on, which is a probable reason that petitioner has shown cause regarding the Government's assertion that the petitioner is not within his habeas filing limitations, while the Middlesex Superior Court lack of Judgment on the petitioner's referenced motions filed above,** [see marked exhibit as defendants Docket Entry print out, dated 5/31/2018, page 1 of 11] reflects that, The Constitutional violation "has probably resulted in conviction of one who is actually innocent [of the offense which has been convicted].

ECF No. 21, pp. 5-6 (emphasis supplied, punctuation in original). Enwonwu's allegation, that the motion has not been decided is false however; a review of the docket sheet that he submitted and apparently[4] *highlighted*, reveals both the motion (July 24, 2014) and its timely denial (August 6, 2014) by the Superior Court:

| | | |
|---|---|---|
| 05/27/2014 | MOTION by Deft: to correct mittimus (sent to 640) | 83 |
| 07/24/2014 | MOTION by Deft: First G.L.c. 278A, 5 Motion For Appointment Of Counsel To Prepare and Litigate His First G.L.c. 278A, 3 (C) and 7 (c) Postconviction Discovery Motion For Items and Information and For Replicate Testing Of All Crime Scene Evidence (Sent up to Judge Henry in Courtroom 430) | 84 |
| 07/24/2014 | Affidavit of Indigency and Factual Innocence (Sent up to Judge Henry in Courtroom 430) | 85 |
| 08/06/2014 | MOTION (P#83) allowed, Order to Vacate to issue to DOC/Data Comp. Unit (Bruce Henry, Justice). Copies mailed 8/7/2014 | |
| 08/06/2014 | MOTION (P#84) DENIED (Bruce Henry, Justice). (Copies mailed to ADA Erin Anderson and Defendant) | |

ECF No. 31-1, p.10. His specious attempt to now blame the Superior Court for his wholly self-imposed—and now at best unexplained—failure to exhaust demonstrates bad faith. Moreover, Enwonwu filed a *later* motion for appointment of counsel on April 21, 2015 that was timely denied on April 30, 2015. ECF 13-1, p. 10, cutting against his argument that he was somehow "waiting" for the Court to decide the 2014 motion.

On this record, it appears that Enwonwu abandoned his claims in 2015, only to revive them in conjunction with a recently filed 28 U.S.C. §2241 petition for habeas corpus relating to his immigration detention. His state criminal conviction at issue in this petition is apparently the

---

[4] It appears that Enwonwu highlighted the docket provided to him as part of respondent's motion to dismiss months before making the representation that he was waiting for the Superior Court to act. *Compare* ECF No. 11-1, p.10 with ECF No. 13-1. Even without the highlight, it is obvious that the motion was denied, and Enwonwu's presentation of his argument is negligent at best, and likely an intentional misstatement of fact. While the Court is concerned about any litigant playing fast and loose with the facts, it is ultimately not necessary to inquire further where the reason for the delay is conclusively unsupported by the record.

10

basis of his order of removal.[5] In fact, Enwonwu cites his "risk of deportation and denial of naturalization" in his petition. Where Enwonwu misrepresents the reason for the delay in bringing his claim and the timing of the claim is brought in conjunction with a pending 28 U.S.C. §2241 petition concerning his immigration status, Enwonwu has not met his burden to show a lack of dilatory conduct.

The Court need not, and does not, reach the element of whether the claims are meritorious where the petition is unexhausted in its entirety, and Enwonwu has not met his burden to warrant a stay of dismissal of the petition.

III.   Conclusion and Order

Respondent's motion to dismiss (ECF No. 11) is hereby ALLOWED in part, but only to the extent that the petition is DISMISSED without prejudice for failure to exhaust claims under 28 U.S.C. §2254(b)(1)(A). Because the action is dismissed for failure to exhaust, the Court does not reach the issue of whether the petition is time barred under the statute of limitations set forth in 28 U.S.C. 2244(d), and all other motions (ECF Nos. 16, 17, and 18) are DENIED as MOOT. Petitioner is advised that any request for the issuance of a Certificate of Appealability of this Order pursuant to 28 U.S.C. § 2253 and Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts is DENIED, the Court seeing no meritorious or substantial

---

[5] See *Enwonwu v. Moniz,* 17-12555-IT.  That immigration *habeas* petition under 28 U.S.C. §2241 was filed on December 28, 2017.  It appears from a review of that docket that Enwonwu had called the Clerk's office several times regarding the filing of a 28 U.S.C. §2255 petition that he believes was received on January 2, 2018. Enwonwu also filed a letter with the Court on February 22, 2018. *Enwonwu v. Moniz,* 17-12555-IT, ECF No. 11. The Court apparently never located the filing, and he was sent a 28 U.S.C. §2254 form on or about March 6, 2018. Presumably, Enwonwu used this form when he filed his petition in the instant action on March 19, 2018.

basis supporting an appeal, and the applicant having failed to make a substantial showing of denial of a constitutional right. The Clerk is directed to enter an order of dismissal.

**So Ordered.**

Dated: November 28, 2018

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
UNITED STATES DISTRICT JUDGE