IN THE UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

---

OBURA FRANCIS ENWONWU

PETITIONER

V.

ANDREA J. CAMPBELL
ATTORNEY GENERAL
Respondent

2023 APR 26 AM 11:34
RECEIVED
US COURT OF APPEALS
FIRST CIRCUIT
CLERK'S OFFICE

---

PETITIONER'S FILED REQUEST FOR REVIEW
ON WRIT FILED BEFORE THE
FEDERAL DISTRICT COURT OF MASSACHUSETTS
UNDER WRIT HABEAS CORPUS
FROM HIS STATE CONVICTIONS
IN 2018 TO 2019

PETITIONER'S FILE NOTICE OF APPEAL

THE DISTRICT CLERK MUST SEND TO THE COURT OF APPEALS THE CERTIFICATE (IF ANY) AND THE STATEMENT DESCRIBED IN RULE 11(a) OF THE RULES GOVERNING PROCEEDINGS UNDER 28 U.S.C. §2254 OR §2255 (IF ANY) ALONG WITH THE NOTICE OF APPEAL AND THE FILE OF THE DISTRICT COURT PROCEEDINGS. IF THE DISTRICT JUDGE HAS DENIED THE CERTIFICATE, THE PETITIONER REQUEST A CIRCUIT JUDGE TO ISSUE IT AND HEAR THE APPEAL ON THIS CASE UNDER FRANCIS ENWONWU VS. THE COMMONWEALTH OF MASSACHUSETTS, LAST FILED BEFORE THE UNITED STATES DISTRICT COURT.

UNDER RULE 22. HABEAS CORPUS AND SECTION 2255 PROCEEDINGS:

THIS PETITIONER'S ORIGINAL WRIT FILED IN 2018 to 2019 BEFORE THE UNITED STATES DISTRICT COURT IN THE FEDERAL DISTRICT OF BOSTON MASSACHUSETTS, PETITIONERS COMPLAIN OF A STATE CHARGES THAT LED TO HIS CONVICTION OF 10 YEARS IN THE MASSACHUSETTS STATE PRISON; AS THE ELEMENTS TO THE STATE STATUTES WHICH CONVICTION IS BASED UPON BECAME UNCONSTITUTIONALLY HELD-UP DUE TO THE VACATURE OF HIS FIREARM INDICTMENT — AS SUCH THE STATE'S APPLICATIONS NORMALLY TO THE SCENARIO OF "Common Sense definition Improperly relied upon towards a Characterization of reference "ARMED" WITHOUT A FIREARM CHARGE INITIALLY USED TO GAIN ALL OTHER ABOVE MENTIONED OFFENSES INFLUENCING THE MAINLY ADOPTED CHARGE OF THE APPEALABILITY NOW PERMISSIBLE TO DEFER UNDER 28 U.S.C § 2253(c):

(1.) THE MIDDLESEX SUPERIOR COURT ADA KELLEY PATTERN OF DISTINGUISHED NOW EXPOSED PROSECUTORIAL MISCONDUCT WITH THE CONTRADICTORY INTENT TO INJURING THE CONSTITUTIONAL SET PROCESS OF THE LAWFUL LIABILITY OF AN DISTRICT ATTORNEY UNFORTUNATELY CALLED TO DEFER IN DECLINING TRUTHFULNESS OF SAID ADA TOWARDS THE HANDLING OF KEY WITNESS[ES] IN THE CASE WHEN PROMISES AND INDUCEMENTS DOCUMENTED EVIDENCE EXPOSES HER (ADA KELLEY'S) CORRUPT INFLUENCED SCENARIO — TELLING A KEY WITNESS THAT WAS NO LONGER WILLINGFUL TO MOVE FORWARDS WITH HER TESTIMONY/NOR STATEMENTS INITIALLY GIVEN, WAS TOLD (NILES) THAT THE CONSEQUENCES OF NOT MOVING FORWARD WOULD COST HER, HER FREEDOM AS ADA USED SUCH LEVERAGE THAT PROSTITUTION CHARGES WOULD BE BROUGHT ALTERING WITNESS NILES VULNERABILITIES OF HER PROSTITUTING HER-SELF BEFORE SHE EVEN MET THE PETITIONER — WHICH MOVED HER IN GETTING AN ATTORNEY TO GO OVER THOSE SCENARIO OF THINGS WITH THE ADA KELLEY.

(2.) THE ADA KELLEY OBTAINED A WRITTEN STATEMENT FROM CO-DEFENDANT BARRY

WHOM WAS REFERENCED BY THE VICTIM'S GRAND JURY TESTIMONY AND POLICE REPORT AS HIM ENGAGED SHOOTER; FROM THE SAME VICTIM'S STATEMENT BUT ADA KELLEY NOLO PROCESS HIM DROPPING ALL CHARGES WHICH PERMISSIBLY MADE THE PETITIONER BEFORE THE 1st CIRCUIT COURT OF APPEALS A JOINT VENTURE. THE ARGUABLY PERPETRATOR WHOM WAS LIABLE FOR INFLICTING PHYSICAL INJURY CERTAINLY ANNOUNCED BEFORE THE GRAND JURY IS NOLO PROCESS DISCHARGING HIM FROM ALL CHARGES — TO ONLY CONVICTION THE PETITIONER BASED UPON FALSE FABRICATED TESTIMONY REQUIRE A CONSTITUTIONAL REVISITOR BY THIS COURT OF APPEALS FOR THE FIRST CIRCUIT, BOSTON MASSACHUSETTS AS THE PETITIONER IS READY FOR A LIE DETECTOR TEST ACCOMPLISHED BY A STATE EXPERT — AS MAINLY MALDEN POLICE MISREPRESENTED "HIS STATEMENTS" THE PETITIONER BY OMISSION TO THE PARTICULAR MEANING TO A PORTION OF HIS STATEMENTS TO WHICH HE NEVER WROTE PERSONALLY.

(3.) THE PETITIONER'S APPLICATION FOR CONCISE STATEMENT OF PROCEEDINGS HAVE CONTAINED A ORDER OF DISMISSAL IN WHICH THE DISTRICT COURT JUDGE ENTERED BY THE RULING THE PETITIONER WAS PLAYING FAST WITH FACTS — THIS PETITIONER HAS FILED AN APPEAL BEFORE THE MASSACHUSETTS STATE SUPREME COURT — AND ALSO FILED TWO POST CONVICTION MOTIONS BEFORE THE INITIAL TRIAL JUDGE — A RULE 30 MOTION FOR A NEW TRIAL, AND RULE 25(b)2. TO WHICH WERE BOTH DENIED BY THE TRIAL JUDGE. PETITIONER DEN FILE A WRIT BEFORE THE DISTRICT COURT TO WHICH, THE COURT CLAIMED THAT PETITIONER HAD NOT EXHAUSED ALL HIS STATE RELIEFS, WHICH HE HAS — AND IN ACCORDANCE WITH U.S.C § 2253(c). THE PETITIONER PRO-SE RESPECTFULLY REQUEST THAT THIS COURT OF APPEALS CONSIDERED THIS REQUEST TO HEAR HIS STATE CASE APPEAL FROM THE DENIAL OF THE DISTRICT COURT, AS IT IS OF A CONSTITUTIONAL GOVERNANCE TO NOW LACKED INDICTMENT STATUTE UP HELD — STILL NAMED "ARMED" CHARGES AFTER A LEGALLY BASED VACATURE

of the procession of a firearm indictment; as a definition of a joint venture whom "obviously made statements to Malden Police that he did not know that any one had a gun in the vehicle; and had no knowledge of the occupants intent to rob anyone".

(4.) The petitioner also based his filed writ under the evidence of ADA Kelley's omission of statements made by one co-defendant whom was legally charged as the underlying facts of the case decided that he was the principle element essential required in finding that petitioner knowingly participated; Arguably the ADA's misrepresentation of the truth or concealment of a material ideal to induce "their key witness" Niles "to act to her deceit as the act of intentionally giving a false impression after unlawfully obtained consent that recognizing the fact that only her can be used as a necessary component to require such conviction other than the true facts of this case willfully — but to deceive an interpreted language of the actual truth — strangely underlying the purpose of proof to promises and inducements signaled on that recorded evidential documented "promises and inducements later released after trial by omitted throughout the petitioner's trial stage.

(5.) Furthermore, an influencing turn of petitioner's trial as the trial judge off the record discharged the black member of the seated jurors once he removed him — only to leave the petitioner with an all white jury without a 13th one. As issues arose unfortunately from other member of the jurors by the name Jimmy Blood; whom was a fire fighter, but declined to mention such an important question on his questionnaire, but beyond account the trial judge asked him to stay for the trial injuring the very same process of truthfulness.

Respectfully Submitted

OBIORA FRANCIS ENWONWU

[signature] 4/24/2023 pro-se

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON 4/24/2023, I CAUSED THE FOREGOING DOCUMENT TO BE FILED WITH THE CLERK OF THE UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT AS THE PETITIONER NOT A REGISTERED USER OF CM/ECF pro-se BY UNITED STATES MAIL AND WILL BE SERVED BY MAIL AT THE FOLLOWING ADDRESS:

> OFFICE OF THE CLERK
> UNITED STATES COURT OF APPEALS
> JOHN JOSEPH MOAKLEY U.S. COURTHOUSE
> 1 COURTHOUSE WAY – SUITE 2500
> BOSTON MASSACHUSETTS 02210

Respectfully Submitted

OBIORA FRANCIS ENWONWU

[signature] 4/24/2023 pro-se